UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LATOSHA RENAE MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV173 LMB |
| | ) | |
| MERS GOODWILL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964. Also before the Court is plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

On December 4, 2009, the Office of the Clerk received plaintiff's complaint and assigned it the instant case number. The Court notes that plaintiff has submitted her Title VII action on one of this Court's generic "complaint" forms. She has not filed her complaint on the complaint form specifically designed for Title VII Employment Discrimination Complaints. Because the Employment Discrimination Complaint form gathers additional information relating to employment discrimination actions, the Court will require plaintiff to amend her complaint on this form.

Additionally, the Court notes that plaintiff has not attached a copy of her administrative charge of discrimination and/or her right to sue letter. Because filing a charge of discrimination and obtaining a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to maintaining a Title VII complaint, the Court will order plaintiff to either file copies of her charge of discrimination and right to sue or provide the Court with an explanation as to why she is not in possession of these administrative documents. See, e.g., 42 U.S.C. § 2000e-5(f)(1) (in order to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).

Lastly, the Court notes that the allegations contained in plaintiff's complaint fall short of the type of discriminatory conduct that needs to be alleged in a federal employment discrimination lawsuit. Although plaintiff makes generalized complaints about her employment with defendant MERS Goodwill, she has not enumerated acts which were allegedly done in violation of federal law and/or connected these acts to her classification in a statutorily protected group. As such, plaintiff will be given the opportunity to amend her complaint to fulfill these pleading requirements.

Plaintiff's failure to amend her complaint in accordance with this Court's instructions and provide the Court with a copy of her charge of discrimination and right to sue letter will result in a dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide plaintiff with a copy of the form complaint for use in Title VII Employment Discrimination cases.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint on a Title VII Employment Discrimination complaint form, in accordance with this Court's instructions, within thirty (30) days of the date of this Order. If plaintiff fails to properly amend her complaint in the designated time period, her action will be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a copy of her charge of discrimination and right to sue or provide the Court with an explanation as to why she is not in possession of these administrative documents. If plaintiff fails to submit a copy of her charge of discrimination and right to sue letter or explanation as to why she is not in possession of these administrative documents within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the right to sue letter and the administrative charge of discrimination, this action will be submitted to the Court for review pursuant to 28 U.S.C. § 1915.

Dated this  7th  day of December, 2009.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE