UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LATOSHA RENAE MCKINNEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MERS GOODWILL, )<br>)<br>Defendant. ) | Case No. 1:09CV173HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Defendant's Motion to Dismiss, [Doc. No. 12]. Plaintiff has not responded to the Motion.[1] For the reasons set forth below, the Motion is granted and leave will be given to file an Amended Complaint.

## Background

Plaintiff brought this action for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. for employment discrimination. Plaintiff is proceeding *pro se* and filed her Complaint on a form provided by the Clerk's Office for this District. On the form, Plaintiff "checked" that she was bringing the

---

[1] Pursuant to the Court's Local Rules, Plaintiff's failure to file a written opposition may be construed as a concession of the merits of Defendant's Motion. See Local Rule 7-4.01(B). ("Except with respect to a motion for summary judgment under Fed.R.Civ.P.56, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.")

action for employment discrimination based on race, color, religion, gender or national origin. Plaintiff "checked" that the conduct complained of in this lawsuit involves failure to hire her, termination of her employment, failure to promote her, and the terms and conditions of her employment were different from those of similar employees. Further on the form, Plaintiff "checked" that she believed she was discriminated against based on her race. Although Plaintiff claimed to have filed charges with the Missouri Commission on Human Rights, (MCHR), and the Equal Employment Opportunity Commission (EEOC), Plaintiff did not attach copies of her charges. Plaintiff did, however, attach a copy of her Right to Sue letter from the EEOC, which is dated December 1, 2009.

Defendant now moves to dismiss Plaintiff's claims for failure to hire and failure to promote.

## Discussion

When ruling on a Federal Rule of Civil Procedure 12(b)(6)[2] motion to dismiss for

---

[2] Defendant initially moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction on the ground that Plaintiff's charges of discrimination with the EEOC and the MCHR did not include the failure to hire and the failure to promote claims, and therefore the Court is without subject matter jurisdiction. Although the filing of a timely charge of discrimination is a requirement for filing suit, the failure to timely file a charge does not deprive the court of jurisdiction. See *Zipes v. TWA, Inc.*, 455 U.S. 385, 393 (1982); *Jessie v. Potter*, 516 F.3d 709, 712-13 (8th Cir.2008); *Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir.2005). Rather, the requirement is, "'like a statute of limitations, subject to waiver, estoppel, and equitable tolling.'" *Id.* (quoting *Zipes*, 455 U.S. at 393); accord *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir.2002).

failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at

1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

Plaintiff's Complaint fails to state a cause of action for failure to hire based on race discrimination  Indeed, it appears from Plaintiff's allegations that Defendant did in fact hire Plaintiff.  Plaintiff presents no facts in her Complaint relating in any way to her attempts to secure employment with Defendant. Thus, the Complaint fails to state a

cause of action based on a refusal to hire. This claim will be dismissed.

Defendant claims that Plaintiff's EEOC and MHRC Charge of Discrimination failed to include Plaintiff's claim that she was not promoted based on her race. To assert a claim of employment discrimination under Title VII, Plaintiff is required to file administrative charges within certain time limits. Specific to the matter currently before the Court, Plaintiff was required, therefore, to file a charge of discrimination based on her race with respect to her failure to promote claim. (In order to state a claim under Title VII, an employee must first file an EEOC charge within 180 days of the last act of discrimination, setting forth the nature of the discrimination. 42 U.S.C. Sec.2000e-5(e)). Exhaustion of administrative remedies is essential because it provides the EEOC the first opportunity to investigate discriminatory practices and fulfill its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Shannon v. Ford Motor Co.*, 72 F.3d. 678, 684 (8th Cir.1996); *Williams v. Little Rock Municipal Water Works*, 21 F.3d. 218, 222 (8th Cir.1994).

Under federal law, a plaintiff has exhausted his or her administrative remedies if "the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Boge v. Ringland-Johnson-Crowley Co.*, 976 F.2d. 448, 451 (8th Cir.1992); *Anderson v. Block*, 807 F.2d. 145, 148 (8th Cir.1986). Claims may be considered "like or reasonably related" when they "could

reasonably be expected to grow out of the charge of discrimination." *Cobb v. Stringer*, 850 F.2d. 356, 359 (8th Cir.1988). Although an EEOC charge is to be liberally construed, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Municipal Water Works*, 21 F.3d. 218, 223 (8th Cir.1994); *Shannon*, 72 F.3d. at 678.

The present Complaint is insufficient to satisfy the minimal pleading requirements of Rule 8, which requires Plaintiff to give a short and plain statement of the claim for relief. Although Plaintiff says she was discriminated because of her race and filed a Charge of Discrimination, Plaintiff, despite given the opportunity to do so, has failed to attach the Charge she filed, so that the Court and Defendant would be able to ascertain exactly what Plaintiff claimed in her charge.[3]

## **Conclusion**

Defendant's Motion is well taken. Plaintiff's Complaint fails to state a cause of action, and therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint must be dismissed. Plaintiff will be given 14 days within which to file

---

[3] Although Defendant claims to have attached the Charges to its Motion, no such exhibits were filed with the Court.

an Amended Complaint. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 12], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days within from the date of this Opinion, Memorandum and Order within which to file an Amended Complaint.

Dated this 19th day of May, 2010.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE